UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

MARLENE SLUSSER,                    )
                                    )
                  Plaintiff,        )
                                    )
           v.                       )        No. 1:20-cv-00011-JRS-TAB
                                    )
FCA US, LLC,                        )
                                    )
                  Defendant.        )

## Order on Defendant's Motion to Dismiss (ECF No. 13)

Plaintiff Marlene Slusser sued Defendant FCA US, LLC ("FCA"), alleging violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*  FCA moves to dismiss all claims on grounds of res judicata and issue preclusion.  (ECF No. 13.)  For the following reasons, Slusser's claims are dismissed with prejudice.

## I.    Standard of Review

A complaint must contain a short and plain statement showing that the pleader is entitled to relief.  *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  To meet this standard, factual allegations must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  When considering a motion to dismiss for failure to state a claim, a court must "take all the factual allegations in the complaint as true," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and draw all reasonable inferences in the plaintiff's favor, *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016).

1

Affirmative defenses can justify dismissal under Rule 12(b)(6).  But a district court "ordinarily should not dismiss a complaint based on an affirmative defense such as res judicata" unless it is "clear from the face of the complaint, and matters of which the court may take judicial notice, that the plaintiff's claims are barred as a matter of law." *Parungao v. Cmty. Health Sys., Inc.*, 858 F.3d 452, 457 (7th Cir. 2017) (citations and internal quotation marks omitted).

## II.   Background

Marlene Slusser is a 44-year-old woman who began working for FCA as a die caster and floor inspector in June 2012.  (Compl. ¶ 9, ECF No. 1.)  In June 2014, Slusser suffered a torn tendon in her left elbow after a workplace accident.  (*Id*. ¶ 10.)  After two months on light duty and a surgery to address the injury in January 2015, Slusser returned to work, limited to light duty.  (*Id*. ¶ 12.)  But she suffered several more injuries, both related to work and not.  (*Id*. ¶ 13.)  Slusser asked FCA's HR department about how she could request a reasonable accommodation, but an HR employee told her he did not know.  (*Id*. ¶¶ 13–14.)  Eventually, Slusser filed an EEOC claim alleging disability discrimination and was issued a Notice of Right to Sue.  (*Id*. ¶¶ 15–16.)

On March 8, 2018, Slusser sued FCA, alleging ADA violations.  *See* Complaint & Demand for Jury Trial, *Slusser v. FCA US LLC*, No. 1:18-cv-00718-JRS-DLP (S.D. Ind. Mar. 8, 2018) ("*Slusser I*").  That complaint did not allege an ADEA violation. Slusser experienced increased harassment and a hostile work environment after fil-

ing the lawsuit.  (Compl. ¶¶ 17–18, ECF No. 1.)  She says she was denied reasonable accommodations and was forced to go on short-term disability.  (*Id*.)  FCA terminated Slusser on January 23, 2019.  (*Id*. ¶ 19.)  Ultimately, this Court granted summary judgment for FCA and dismissed Slusser's ADA claims with prejudice.  *See Slusser v. FCA US LLC*, No. 1:18-cv-00718-JRS-DLP, 2019 WL 6329657 (S.D. Ind. Nov. 26, 2019).

On January 2, 2020, Slusser again filed suit against FCA, this time bringing an age-discrimination claim under the ADEA in addition to the previous ADA claim. (*Id*. ¶¶ 20–28.)  She also alleges that FCA unlawfully retaliated against her, violating both the ADA and ADEA.  (*Id*. ¶¶ 29–33.)

## III.   Discussion

Res judicata, or claim preclusion, bars a claim that was "litigated or could have been litigated in a previous action when three requirements are met: (1) an identity of the causes of action; (2) an identity of the parties or their privies; and (3) a final judgment on the merits."  *Bell v. Taylor*, 827 F.3d 699, 706 (7th Cir. 2016) (citations and internal quotation marks omitted).  The first element of res judicata is met when an earlier and later claim arise out of the same transaction—that is, the Court treats the claims as identical if they are "based on the same, or nearly the same, factual allegations."  *Herrmann v. Cencom Cable Associates, Inc.*, 999 F.2d 223, 226 (7th Cir. 1993).  "But if the supposedly wrongful events are separated by time and function," the Court will not treat the claims as identical, and "multiple suits are permissible (even though not desirable)."  *Id*.

Related, though distinct, is the doctrine of collateral estoppel, or issue preclusion. "Issue preclusion prevents a party from relitigating issues that were resolved in a prior legal action." *In re Calvert*, 913 F.3d 697, 701 (7th Cir. 2019) (citation omitted). The party invoking preclusion must show that "(1) the issue sought to be precluded [was] the same as that involved in the prior litigation, (2) the issue [was] actually litigated, (3) the determination of the issue [was] essential to the final judgment, and (4) the party against whom estoppel is invoked [was] fully represented in the prior action." *Id.* (citation and internal quotation marks omitted).

A claim barred by either res judicata or collateral estoppel must be dismissed.

### A. ADA Discrimination Claim

Slusser concedes that her ADA discrimination claim is barred by claim preclusion and issue preclusion. Hence, that claim is dismissed with prejudice.

### B. ADEA Discrimination Claim

Slusser argues that her ADEA discrimination claim is not claim precluded because *Slusser I* did not involve Slusser's age or her treatment vis-à-vis younger coworkers. But she does not and cannot contest that her ADEA discrimination claim "could have been litigated," *Bell*, 827 F.3d at 706, in *Slusser I*. Slusser did not bring her age discrimination claim when she should have, and it is too late now. Res judicata bars her ADEA discrimination claim and that claim is therefore dismissed with prejudice.

### C. Retaliation Claims

4

All that remains are Slusser's claims that FCA retaliated against her for engaging in a "protected activity" under the ADA and ADEA.  Initially, Slusser contradicts herself on whether she concedes that her ADA retaliation claim should be dismissed.  (*Compare* ECF No. 15 at 1 ("Slusser concedes that her ADA discrimination and retaliation claims are claim precluded, and issue precluded."), *with id.* at 4 (arguing ADA retaliation claim is not claim precluded).)  Assuming she has not conceded either of the retaliation claims, the Court nevertheless finds them barred because FCA has proven each element of res judicata.

First, there is identity of claims.  The claims in *Slusser I* and this case are the same for res judicata purposes because they arise out of the same transaction: Slusser's interactions with her employer FCA after a workplace injury in June 2014 up to her termination in January 2019.  The gist of the new complaint is that FCA retaliated against Slusser by harassing her, subjecting her to a hostile work environment, and firing her because she brought the lawsuit in *Slusser I*.  (Compl. ¶¶ 16–19, ECF No. 1.)  But the Court has already considered Slusser's termination and its alleged unlawfulness.  *See Slusser I*, 2019 WL 6329657 at *1 ("Specifically, Slusser alleges that FCA discriminated against her by . . . by terminating her employment.").  Although she contends now that her termination was wrongful for different reasons, Slusser offers no justification for failing to bring all claims related to the termination in her previous lawsuit.  She cannot now relitigate her termination's propriety under a different legal theory—a theory that could have been raised in *Slusser I*.  *See Ross ex rel. Ross v. Bd. of Educ. of Twp. High Sch. Dist. 211*, 486

F.3d 279, 283 (7th Cir. 2007) ("The fact that the suits differ in some respects, including the legal theories that [the plaintiff] is advancing and some of the facts she intends to use to prove her right to relief, is not enough to defeat a finding that these cases rely on the same fundamental transaction or series of transactions."); *Daza v. State*, 432 F. Supp. 3d 860, 872 (S.D. Ind. 2020) (successive lawsuit asserting ADEA failure-to-rehire claim and prior lawsuit asserting unlawful termination based on race, color, age, political speech, and political association arose from same fundamental transaction).

Second, there is identity of parties. Slusser and FCA are the parties here and were also the parties in *Slusser I*, in the same roles.

Third, this Court's grant of summary judgment for FCA in *Slusser I* was a final judgment on the merits. *See Slusser I*, 2019 WL 6329657 at *8 ("Slusser's claims are dismissed on the merits with prejudice.").

Because FCA has shown that res judicata applies to Slusser's ADA and ADEA retaliation claims, Count Three is dismissed with prejudice.

## IV.    Conclusion

Res judicata bars each of Slusser's claims.  Accordingly, FCA's motion to dismiss

is **granted**, (ECF No. 13), and Slusser's claims are **dismissed with prejudice**.[1]

**SO ORDERED.**


Date: _____10/21/2020_____

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana


Distribution:

Zachary A. Ahonen
JACKSON LEWIS PC (Indianapolis)
zachary.ahonen@jacksonlewis.com

Jay Meisenhelder
JAY MEISENHELDER EMPLOYMENT & CIVIL RIGHTS LEGAL SERVICES
PC
jaym@ecrls.com

Michael W. Padgett
JACKSON LEWIS PC (Indianapolis)
michael.padgett@jacksonlewis.com

---

[1] Because the Court holds that Slusser's claims are barred by res judicata, Slusser cannot save her claims by amendment, so the dismissal is with prejudice.  *See Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013) (dismissal with prejudice is proper "if it is clear that any amendment would be futile").  Additionally, given its findings on res judicata, the Court need not decide whether the claims are also issue precluded.